# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT STRONG,<br><br>                Plaintiff,<br>v.<br><br>ARIZONA SCAROB, INC. doing business as MCDONALD'S #4912, *et al.*,<br><br>                Defendants. | Case No. 13-cv-1094-W (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE [DOC. 18]** |

       Pending before the Court is Plaintiff Matt Strong's motion to strike Defendant Arizona Scarob, Inc.'s fourth affirmative defense under Federal Rule of Civil Procedure 12(f). Defendant opposes.

       The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiff's motion to strike. (Doc. 18.)

//

//

## I. BACKGROUND

On May 8, 2013, Plaintiff initiated this action against Arizona Scarob, Inc. dba McDonald's #4912; Palm Ridge Gateway, LLC; and, McDonald's Corporation. Plaintiff is a C-5 quadriplegic who is unable to walk or stand, and requires the use of a wheelchair when traveling about in public. (Compl. 3.) He alleges that he encountered several "physical and intangible" barriers to goods, services, privileges, and accommodations offered at the restaurant. (Id.)

In his complaint, Plaintiff asserts five claims under the Americans with Disabilities Act ("ADA") of 1990: (1) denial of full and equal enjoyment and use of the restaurant; (2) failure to remove architectural barriers in an existing facility; (3) failure to design and construct an accessible facility; (4) failure to make an altered facility accessible; and (5) failure to modify existing policies and procedures. Plaintiff also seeks all relief available under the ADA, including injunctive relief and attorney's fees and costs. In addition, he also asserts claims under California's Disabled Persons Act, the Unruh Civil Rights Act, and relevant sections of the California Health and Safety Code.

On September 26, 2013, Defendant answered the complaint, denying all factual allegations and raising nine affirmative defenses. Plaintiff then filed the present motion to strike Defendant's fourth affirmative defense. (Doc. 18.) The fourth affirmative defense states that "Plaintiff seeks to compel physical alterations to a legally constructed structure[,]" and "Plaintiff's claims under the Unruh Act are barred by statutory provisions of Civil Code sections 51 and 52 which exclude requirements to effect construction alteration, repair or modification." (Answer ¶ 57.) Defendant opposes. (Doc. 21.)

## II. LEGAL STANDARD

Rule 12(f) provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

P. 12(f). The purpose of a motion to strike is to avoid the unnecessary expenditures that arise through litigating spurious issues by dispensing with them before trial. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)). However, as a general matter, motions to strike are generally disfavored, and "usually denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Travelers Cas. & Sur. Co. of Am. v. Dunmore, No. CIV. S-07-2493, 2010 WL 5200940, at *3 (E.D. Cal. Dec. 15, 2010).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." Wyshack v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)) (emphasis added); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. App'x 613, 615 (9th Cir. 2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. It does not, however, require a detailed statement of facts. Id. at 47-48. On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT&T Mobility, LLC, 657 F. Supp. 1140, 1149-50 (N.D. Cal. 2009).

### III.  DISCUSSION

Plaintiff argues that his motion to strike should be granted because Defendant's fourth affirmative defense is legally insufficient in that it misstates the law. (Pl.'s Mot. 2.) Specifically, Plaintiff contends that Defendant "incorrectly alleges that Strong may not compel alterations to defendant's facility under the Unruh Act because the Unruh Act bars 'construction alteration, repair or modification' pursuant to Cal. Civ. Code §§

51 and 52." (Id.)  Plaintiff provides two grounds to support the argument: (1) "even if the Unruh Act did prohibit physical alterations in the way defendant purports, the Unruh Act would be preempted by the ADA"; and (2) "the affirmative defense fails because the Unruh Act itself provides injunctive relief which would require physical alteration of noncompliant facilities."  (Id.)

Defendant directs the Court's attention to the plain language of §§ 51 and 52. (Def.'s Opp'n 2.) California Civil Code § 51(d) provides, in part, that "[n]othing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law." California Civil Code § 52(g) contains a similar restriction: "[t]his section does not require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law."  Defendant correctly interprets the statute to mean that a plaintiff cannot compel construction or alteration to a *legally constructed structure*, and insofar as Defendant pleads compliance, the fourth affirmative defense is proper.

Plaintiff, anticipating the aforementioned conclusion, alternatively argues that "where the Unruh Act prohibits remedies which the ADA provides, such prohibitions are preempted."  (Pl.'s Mot. 2:8–16.)  To support his argument, Plaintiff cites to the statutes themselves and Munson v. Del Taco, Inc., 46 Cal. 4th 661 (2009).  (Id.)  None of the law that Plaintiff cites discusses preemption.  In fact, this district has determined that "it was the intent of the U.S. Congress that the ADA not preempt more expansive state laws such as the Unruh Act and the Disabled Persons Act." Stevens v. Optimum Health Inst.–San Diego, 810 F. Supp. 2d 1074, 1098 (S.D. Cal. 2011) (Hayes, J.). Without more, the Court cannot conclude that the ADA preempts the Unruh Act in the manner that Plaintiff suggests.

//

Plaintiff also contends that he may "also compel physical alterations to McDonald's facility pursuant to the injunctive relief provided by the Unruh Act itself." (Pl.'s Mot. 2:16–26.) To simplify Plaintiff's analysis, it appears that he is arguing that because the "Unruh Act provides that noncompliance with the California Building Code . . . constitutes discrimination" and because the "Unruh Act provides injunctive relief as a legal remedy," he may also compel physical alterations against Defendant as injunctive relief provided under the Unruh Act. (Id.) Section 52(c)(3) does permit plaintiffs to request preventive relief, including injunctive relief, but only as "deem[ed] necessary to ensure the full enjoyment of the rights described in this action." The same section also expressly states what the statute does not require, including any alteration to existing facilities. See Cal. Civ. Code § 52(g). Plaintiff fails to provide any legal authority showing that injunctive relief sought under the Unruh Act can supersede the limitations set forth in § 52(g). Thus, Plaintiff fails to demonstrate that any misstatement of the law on Defendant's part warrants striking the fourth affirmative defense.

Ultimately, Plaintiff fails to show that Defendant's fourth affirmative defense is redundant, immaterial, impertinent, or of scandalous matter. See Fed. R. Civ. P. 12(f). Therefore, he is not entitled to any relief under Rule 12(f).

## IV.   CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's motion to strike.

**IT IS SO ORDERED.**

**DATE: January 13, 2014**

**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California